## HARVEY v. ZUPPANN.

### No. 234.

United States District Court
M. D. Pennsylvania.
Aug. 15, 1949.

James L. Brown, Thomas F. Farrell, Jr., Wilkes-Barre, Pa., for petitioner.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Charles W. Kalp, As-

sistant United States Attorney, Thomas Wood, Jr., Assistant United States Attorney, Lewisburg, Pa., Col. Oliver R. Wells, Lt. Col. Reginald C. Miller, Lt. Col. Nicholas R. Voorhis, Office of the Judge Advocate General, Washington, D. C., for respondent.

FOLLMER, District Judge.

The application for Writ of Habeas Corpus by William D. Harvey alleges that as a First Lieutenant in the United States Army he was tried on December 30, 1947, before a General Court-Martial on the charge of violating the 58th Article of War, 10 U.S. C.A. § 1530. That at such trial one Captain Raymond G. Doucett, Jr., was assigned to him as Assistant Defense Counsel. That the conviction on such trial was disapproved by the reviewing authority and a new trial ordered. That on May 14, 1948, he was again tried before a General Court-Martial (the charges being violation of Articles of War 58 and 94, 10 U.S.C.A. §§ 1530, 1566) and at such second trial said Captain Doucett was assigned as Trial Judge Advocate to prosecute him. He alleges that he was thereby denied due process of law. This is amplified by the allegation in his traverse "that Captain Raymond G. Doucett, Jr., O-452615, who had been designated as one of the Assistant Defense Counsel of the General Court Martial before which the petitioner was tried on December 30, 1947, did participate with the petitioner in the preparation of his defense and in the preparation of his trial by General Court Martial, and further, because of the relationship existing between the petitioner and the said Captain Raymond G. Doucett, Jr., the petitioner confided in the said Captain Doucett certain facts and information which were of a privileged and confidential nature, and which were subsequently available to the said Captain Raymond G. Doucett, Jr. in his capacity as Trial Judge Advocate at the second trial of the petitioner * * *."

Findings of Fact.

1. The charges were originally preferred on October 13, 1947.

2. The pre-trial investigation was conducted during November 1947, at which time Captain Martin Siegel participated as Defense Counsel on behalf of William D. Harvey.

3. The case of William D. Harvey was originally assigned on December 2, 1947, for trial to a General Court-Martial which had been set up by Special Orders No. 185 of August 15, 1947, and to which court Captain Raymond G. Doucett, Jr., had been assigned generally—on November 3, 1947, as one of the Assistant Trial Judge Advocates.

4. As such Assistant Trial Judge Advocate, Captain Raymond G. Doucett, Jr., was directed by the Trial Judge Advocate to serve, and on December 9, 1947, did serve the charges upon William D. Harvey.

5. The case was subsequently reassigned to a General Court-Martial designated on December 9, 1947, under Special Orders No. 281, which order designated twenty-eight officers as members of the court, Major William A. Hunt, Jr., as Trial Judge Advocate and four others, including First Lieutenant Paul W. Hughes who actually prosecuted the case at the first trial, as Assistant Trial Judge Advocates, and designated Major Percy A. Matthews as Defense Counsel with Captain Raymond G. Doucett, Jr., and Captain Martin Siegel as Assistant Defense Counsel.

6. Major Percy A. Matthews as Defense Counsel designated Captain Siegel, who had previously acted as Defense Counsel for William D. Harvey during the pre-trial investigation, as Assistant Defense Counsel for the preparation for and trial of William D. Harvey, and Major Matthews as Defense Counsel participated therein.

7. A person listed generally as Assistant Defense Counsel in such a special order establishing a General Court-Martial would not participate in any particular case assigned to that court unless designated therefor or directed to participate therein by the Defense Counsel.

8. Major Matthews had just arrived in Heidelberg, Germany, and about December 9, 1947,[1] had been assigned to the Con-

---

[1] The date of the issuance of the Special Orders No. 281.

576

stabulary, Judge Advocate's Office, as Chief of Defense Division.

9. Captain Doucett did not occupy space in the Defense Counsel room but was located in the room occupied by the Assistant Trial Judge Advocates.

10. Major Matthews, in the preparation of the defense and in the trial of William D. Harvey, did not assign any duties whatsoever to Captain Doucett, but did assign such duties to Captain Siegel who did participate in the defense preparation and at the trial as Assistant Defense Counsel.

11. Major Matthews did not confer with Captain Doucett in any manner concerning the defense of William D. Harvey and at no time revealed to Captain Doucett any confidential information that might have been furnished by William D. Harvey.

12. Captain Doucett never considered himself as an Assistant Defense Counsel for William D. Harvey and never in any respect acted as such, and had no knowledge of the fact that his name had been included in the general list on Special Orders No. 281 until an inquiry was received by him, in 1949, from present Counsel for the petitioner.

13. Major Matthews was also the Defense Counsel at the second trial on May 14, 1948, under Special Orders No. 106 which established a General Court-Martial for the trial of William D. Harvey only.

14. Although the events now alleged by the petitioner with the exception of his contention that when Captain Doucett, as Trial Judge Advocate for the second trial, came to see Harvey prior to such trial he had in his possession a typewritten copy of Harvey's statement, are supposed to have occurred prior to the first trial, no such information was ever conveyed to Captain Siegel as his Assistant Defense Counsel in connection with such first trial, nor was any such information ever conveyed to Major Matthews as his Defense Counsel in connection with either the first or the second trial.

15. Some time between December 9, 1947, and date of inserting his name in the list of Assistant Defense Counsel on Special Orders No. 281, and the William D. Harvey trial on December 30, 1947, the Command-ing Authority excused Captain Doucett, although Captain Doucett was not aware of his having been named or excused and at no time considered himself any part of the defense personnel for the William D. Harvey trial or in any manner acted as such.

16. As to the typewritten copy of William D. Harvey's statement which he claims was reduced to typewritten form after he submitted same to Captain Siegel in his own handwriting, and which typewritten copy he claims he saw in Captain Doucett's possession when Captain Doucett, as Trial Judge Advocate, came to him just prior to the second trial, I find that such typewritten statement never left Captain Siegel's possession, was never reduced to typewritten form, and was destroyed by Captain Siegel long before the alleged occurrence.

17. No contention was made to the court at the second trial wherein Captain Doucett appeared as Trial Judge Advocate that he had ever acted as Assistant Defense Counsel or had as such ever obtained any confidential information concerning the defense, nor did William D. Harvey make any such contention even to his Counsel.

18. William D. Harvey having requested a partial payment to purchase suitable clothing for his first trial, Captain Siegel as his Counsel sought the aid of Captain Doucett in arranging the proper procedure for obtaining same for the reason that Captain Doucett was either then performing, or had just prior thereto performed, duties as head of the confinement section and was familiar with the administrative procedure for obtaining such partial payments. However, Captain Siegel did not consider Captain Doucett as thereby taking part in the defense and revealed no confidential information to him, nor did Captain Doucett receive any confidential information from William D. Harvey. Captain Doucett merely made arrangements with the Finance Officer so that the partial payment would be successfully followed through. This had no relation to the trial itself, and any information given on such application would be required and would necessarily be revealed by Harvey to the officers making such partial payment and involved no secrecy.

19. Captain Siegel did not know of Captain Doucett's name having appeared on the list, did not at any time consider his being in any way a participant in the defense of William D. Harvey, and at no time discussed the defense with or revealed any defense matters to Captain Doucett.

20. The only connection with the first William D. Harvey trial known either to Captain Doucett or to the Defense Counsel Major Matthews, or the Assistant Defense Counsel Captain Siegel, was that Captain Doucett had, as an Assistant Trial Judge Advocate, served the charges upon William D. Harvey on December 9, 1947.

21. The only evidence introduced by the prosecution at the second trial consisted of official records, which were in no sense confidential defense matters, and the testimony of two witnesses whose names appeared on the pre-trial investigation report prior to the time that Captain Doucett, as an Assistant Trial Judge Advocate, served the charges upon William D. Harvey.

22. Captain Doucett as Trial Judge Advocate at the second trial, before presenting the prosecution's case, repeatedly asked the defense whether it had any special pleas or motions and no such defense as now presented was mentioned at that time.

### Conclusions of Law.

1. Captain Doucett did not act for both the prosecution and the defense in the case of William D. Harvey.

2. There was no denial of due process nor any fundamental unfairness that would render the trial a nullity.

### Discussion.

A mere technicality which in no way affected the fundamental fairness of Harvey's second trial certainly cannot be considered the basis for declaring such trial a nullity. Nor can the placing of Captain Doucett's name among Assistant Defense Counsel on the General Court-Martial established by Special Orders No. 281 of December 9, 1947, be considered as rising even to the dignity of being referred to as a technicality since he did not know his name had so appeared thereon, was never assigned to the Harvey trial as an Assistant Defense Counsel, never acted in such capacity, and some time during the short period between December 9, and December 30, 1947, again without his knowledge, was excused as such Assistant Defense Counsel (apparently to avoid any complications and to correct an evidently erroneous designation) by the Commanding Authority. His contention that he could not challenge Captain Doucett as Trial Judge Advocate at the second trial is without merit. The Manual for Courts-Martial, U. S. Army, 1928 (Corrected to April 20, 1943) Paragraph 41, Page 30, specifically provides as to the Trial Judge Advocate that "When it appears to the president of the court, or to the trial judge advocate himself, that the latter is for any reason, including bias, prejudice, or hostility in a particular case, disqualified or unable properly and promptly to perform his duties, the facts will be reported at once to the appointing authority through appropriate channels." Certainly the Trial Judge Advocate could not be expected to reveal what he did not know, but the accused could have informed the court. In this respect it is highly significant that if the situation had existed as he seeks now to portray it, and if he then considered himself as being deprived of a fair trial as he now contends, he did not mention it to even his own counsel. Moreover, as to his present oral testimony that Captain Doucett, when as Trial Judge Advocate he talked to Harvey just prior to the second trial, had in his possession the typewritten copy of his "statement", the evidence is most convincing that Captain Doucett never saw such a statement, and that in fact no such typewritten copy was ever made of such statement, and the written statement was destroyed some time prior to the alleged occurrence.

█ Petitioner contends that because Captain Doucett's name appeared on the list in Special Orders No. 281 he might have been designated as of Defense Counsel for the Harvey trial, even though such event did not occur, and that this in itself was sufficient. As was indicated by the Supreme Court in Eagles, Post Commanding Officer v. United States ex rel. Samuels, 329 U.S. 304, 315, 67 S.Ct. 313, 319, 91 L.Ed. 308, "The function of habeas corpus is not to

578

correct a practice but only to ascertain whether the procedure complained of has resulted in an unlawful detention. It is the impact of the procedure on the person seeking the writ that is crucial. Whatever potentialities of abuse a particular procedure may have, the case is at an end if the challenged proceeding cannot be said to have been so corrupted as to have made it unfair. Samuels points to possibilities of abuse. But he fails to establish prejudice in his case."

[2] The allegation that Captain Doucett in addition to participating as Trial Judge Advocate in William D. Harvey's trial also participated therein as Assistant Defense Counsel has not been sustained. Nothing has been shown to indicate in any way that this Court-Martial proceeding, or the manner in which it was conducted, ran afoul of the basic standard of fairness which is involved in the constitutional concept of due process of law. There was no "unfairness" in the second Court-Martial trial.

The petition for Writ of Habeas Corpus is denied and the Rule to Show Cause dismissed.